IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DION'E KAEO-TOMASELLI, #A5004463, | ) ) ) | CIV. NO. 11-00669 SOM-KSC |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) ) | |
| WOMENS COMMUNITY CORRECTIONAL CENTER MEDICAL UNIT, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Before the court is *pro se* Plaintiff Dion'e Kaeo-Tomaselli's ("Plaintiff") prisoner civil rights complaint.[1] Plaintiff is incarcerated at the Women's Community Correctional Center ("WCCC").  Plaintiff names the WCCC Medical Unit, and alleges that various nurses employed by WCCC denied or delayed medical care to her in violation of the Eighth Amendment. Plaintiff also alleges that her right to privacy was violated by prison officials' inappropriate disclosure of her medical information.

The Complaint is DISMISSED for failure to name proper defendants, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).  Plaintiff is granted leave to amend the Complaint, if possible, to cure the deficiencies detailed below.

//

---

[1] Plaintiff is proceeding *in forma pauperis*.  *See* ECF #[9].

## I. **PLAINTIFF'S CLAIMS**

Plaintiff asserts four claims. In Count I, Plaintiff claims that WCCC nurses Abby Medrano and Tina refused to refer her to a doctor for treatment on October 30, and November 3, 2009, although she told them she "felt like [she] was dying." Plaintiff claims that their denial resulted in her going into a coma and being placed "on the life support machine . . . [requiring her to relearn] to walk, talk, write, sing and dance the hula." Compl. ECF #1 at 5.

In Count II, Plaintiff claims that, on May 6, 2009, April 22, 2010, September 27, 2011, and "other dates," unidentified WCCC nurses gave her the incorrect medicine. Plaintiff also claims that WCCC Nurse Abby Medrano rescinded her "no shackle" and "bottom bunk" memos, contravening Plaintiff's physicians' orders, and violating the Eighth Amendment.

In Count III, Plaintiff claims that her right to privacy was violated when: (1) the WCCC Medical Unit informed the WCCC Warden that she was dying of AIDS, (2) the Warden told a WCCC volunteer hula teacher, (3) the hula teacher told the inmates attending her class, and (4) WCCC Nurse Eric loudly informed Plaintiff that she was scheduled for throat surgery in front of other inmates.

Finally, in Count IV, Plaintiff alleges that Drs. Joyner, Peroff, and Dewitt referred her to outside specialists

for rehabilitative care for her throat and foot, but WCCC medical staff countermanded these referrals.

## II. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed as a matter of law for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

//

## III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

### A. Failure to Name Proper Defendants

Plaintiff lists the WCCC Medical Unit as the only Defendant in the caption of the Complaint. In Section A of her Complaint, she lists the "Department of Public Safety, Department Head of Corrections," as the first defendant and "Department of Health Care Unit @ WCCC" as the second defendant. In Section C, within her claims, Plaintiff names WCCC nurses Abby Medrano, Tina, Jolen, Eric, and other unidentified nurses, the WCCC Warden, and a WCCC volunteer hula instructor, Ms. Halaki Ancheta, as individuals who have harmed her, but fails to include their names in the caption.

First, a plaintiff must include in the caption of a complaint the names of all the defendants against whom he or she is asserting a claim. *See* Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with

court orders to name defendants in the caption).  The court is unable to order the United States Marshal to serve a complaint on any defendant not named in the caption.

Second, claims under § 1983 are directed at "persons" and a jail or prison facility is not a "person" amenable to suit under § 1983.  *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding California Adult Authority and San Quentin Prison not to be "person[s]" subject to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989) (citing *Monroe v. Pape*, 365 U.S. 167, (1961)); *accord Cummings v. Middletown, Ohio City Jail*, No. CV08-0248, 2008 WL 1849172 at *3 (S.D. Ohio Apr 23, 2008); *Carey v. Lawton Corr. Facility*, No. CIV07-944-F, 2008 WL 200053 at *3 (W.D. Okla. Jan 24, 2008); *see also Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988) (holding that a court is not a "person" within the meaning of § 1983).  To the extent Plaintiff alleges federal constitutional or statutory violations against the WCCC Medical Unit under § 1983, her Complaint is DISMISSED with leave to amend, so that she may name the proper defendants allegedly liable for her claims.

**C.   Claims in Count III**

In Count III, Plaintiff alleges that her right to privacy was violated when the WCCC Medical Unit informed the WCCC Warden that she was dying of AIDS, the Warden allegedly told a

WCCC volunteer, who in turn, told inmates in her class. Plaintiff also claims WCCC Nurse Eric violated her rights to privacy and confidentiality when he informed Plaintiff that she was scheduled for throat surgery within the hearing of other inmates.

The Supreme Court has recognized a constitutional right to privacy regarding "the individual interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599 (1977). Courts have generally found that prisoners' rights to privacy and confidentiality in their own medical records, if any, arise under the Fourteenth Amendment, and this court examines Plaintiff's claims accordingly. *See Seaton v. Mayberg*, 610 F.3d 530, 537–39 (9th Cir. 2010) (recognizing an inmate's limited right to informational privacy under the Fourteenth Amendment's Due Process Clause, and stating that the Fourth Amendment is inapposite to such a claim), *cert. denied*, --- U.S. ----, 131 S. Ct. 1534 (2011); *Powell v. Schriver*, 175 F.3d 107 (2d Cir. 1999); *see also Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984) (stating that the Fourth Amendment's protection of privacy is "fundamentally incompatible" with incarceration).

In *Seaton*, an inmate objected to disclosure of his mental health records to the district attorney's office without his consent, when the State sought the inmate's commitment under California's Sexually Violent Predator Act. The Ninth Circuit

held that an inmate has no right to privacy in his medical records under such circumstances. 610 F.3d at 541. In so holding, the court stated that, to the extent an inmate's medical records are disclosed "while he [is] in prison serving his sentence" and the disclosure was "for a penological purpose relating to his imprisonment," any "privacy right he has may be overridden for legitimate penological reasons." Id. Examples of such "substantial" penological interests are a prison's need "to protect prison staff and other prisoners from communicable diseases and violence, and to manage rehabilitative efforts. Id. at 535.

### 1. *Claims Against The WCCC Medical Unit and Warden*

Even if Plaintiff is able to name specific individuals in the WCCC Medical Unit who allegedly disclosed her AIDS diagnosis to the WCCC Warden, such disclosure falls within the legitimate penological goals set forth in *Seaton*. Clearly, the WCCC Warden has a legitimate penological interest in knowing which WCCC prisoners have communicable diseases such as AIDS, so that prison officials may take appropriate steps to prevent prison staff and inmates from unwarranted exposure to any communicable disease. As such, Plaintiff fails to state a claim against any individual at the WCCC Medical Unit for disclosure of any communicable disease to the Warden.

The Warden's alleged disclosure of this information to the volunteer hula teacher, Halaki Ancheta ("Ancheta"), however, who in turn allegedly told other inmates, does not exhibit the same legitimate penological interest.  While it may come forth later that there was a legitimate penological necessity for this disclosure, or that this disclosure never occurred, at this stage of the proceedings, Plaintiff has stated a claim for the violation of her right to privacy regarding the WCCC Warden's alleged disclosure of Plaintiff's medical information to Ancheta.

### 2. *Claims Against Ancheta*

It is less certain that Ancheta, who was a volunteer at the prison, was acting "under color of state law" when she allegedly disclosed the information to other inmates in the hula class.  Generally, private actors are not acting under color of state law.  *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  A private actor acts under color of law for § 1983 purposes when their allegedly improper conduct is fairly attributable to the State.  *Id.* (citing *Lugar v. Edmundson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).  Conduct is fairly attributable to the State when: (1) the deprivation is caused by (a) the exercise of some right or privilege created by the State, or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible; and (2) the defendant is (a) a state official, (b) acted together with or obtained significant aid

from state officials, or (c) performed conduct otherwise chargeable to the State. *Lugar*, 457 U.S. at 936-39. 937; *see also Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). If Plaintiff intends to amend her complaint and name Ancheta, Plaintiff must assert facts showing in what manner Ancheta's conduct was fairly attributable to the State.

### 3. *Claims Against Nurse Eric*

Plaintiff alleges that WCCC Nurse Eric loudly informed Plaintiff in front of several other inmates that she had been scheduled for throat surgery. While it is difficult to envision a constitutional violation based upon a one-time, inadvertent disclosure of a single patient's medical information, this claim shall be allowed to proceed. If, however, Plaintiff is attempting to assert a claim under the Health Insurance Portability and Accountability Act ("HIPAA"), that claim fails because she has no private cause of action to bring such a claim. *U.S. v. Streich*, 560 F.3d 926 (9th Cir. 2009); *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007); *Univ. of Colorado Hosp. v. Denver Publ'g Co.*, 340 F. Supp.2d 1142, 1145 (D. Colo. 2004) (noting that HIPAA expressly provides a method for enforcing prohibitions, i.e., punitive fines and/or imprisonment, which indicates Congress did not intend to allow an additional private remedy). That is, only the government may bring a claim against a medical provider for violation of HIPAA.

Plaintiff has failed to identify any other alleged federal constitutional violation.

**D.** **Leave to Amend**

The Complaint is DISMISSED as discussed above. Plaintiff may file a proposed amended complaint on or before December 7, 2011. The proposed amended complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of her federal constitutional or statutory rights.

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in an amended complaint are deemed waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

## IV. CONCLUSION

IT IS HEREBY ORDERED that:

(1) The Complaint is DISMISSED for failure to name proper defendants and otherwise state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2)  Plaintiff is GRANTED leave to file a proposed amended complaint curing the deficiencies noted above by December 7, 2011.  Failure to timely or properly amend the Complaint will result in dismissal of this action for failure to state a claim, and may be counted as strike pursuant to 28 U.S.C. § 1915(g).

(3)  The Clerk of Court is directed to mail a form prisoner civil rights complaint to Plaintiff so that she may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 7, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Kaeo-Tomaselli v. WCCC Medical Unit,* Civ. No. 11-00669 SOM-KSC, Order Dismissing Complaint; psa/Screening/dmp/ 2011/Tomaselli 11-669 SOM (dsm ftsc, imp. d's lv amd)