IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DION`E KAEO-TOMASELLI,<br><br>Plaintiff,<br><br>vs.<br><br>WOMEN'S COMMUNITY CORRECTIONAL CENTER, et al.,<br><br>Defendants. | ) | CIV. NO. 11-00669 SOM/RLP<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS DEFENDANT ABBY MEDRANO IN HER OFFICIAL CAPACITY AND GIVING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT |

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS DEFENDANT ABBY MEDRANO IN HER OFFICIAL CAPACITY AND GIVING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Dion'e Kaeo-Tomaselli is a State of Hawaii prisoner who asserts that her federal rights have been violated by prison personnel's denial of medical care to her. Kaeo-Tomasellil is proceeding pro se. This court earlier dismissed Kaeo-Tomaselli's complaint as part of its screening process and gave her leave to file an amended complaint, which she did.

On March 8, 2012, Defendant Abby Medrano filed a Motion To Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. This court entered a minute order the next day, setting a deadline of April 23, 2012, for Kaeo-Tomaselli to file any opposition. This court has received no opposition memorandum. The court now removes the matter from the hearing calendar and, without a hearing, grants in part and denies in part the Motion To Dismiss. The court also gives Kaeo-Tomaselli

leave to file a Second Amended Complaint no later than June 12, 2012.

Despite having received no written opposition from Kaeo-Tomaselli, the court does not automatically grant the Motion To Dismiss. Instead, the court reviews the Motion To Dismiss to determine whether the moving party has met her burden of establishing that Kaeo-Tomaselli fails to state a claim on which relief can be granted.

The Motion To Dismiss argues that Medrano, as a State of Hawaii employee, cannot be sued for money damages in her official capacity. As explained on the court form that Kaeo-Tomaselli used for her First Amended Complaint, Medrano is correct. Money damages are recoverable from a State of Hawaii employee only when that employee is sued in her individual capacity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989) (noting that a state cannot be sued under 28 U.S.C. § 1983 for money damages arising from a federal constitutional violation, that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and that a suit against a state official in his or her official capacity is therefore "no different from a suit against the State itself"); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Notwithstanding the clear statement on the court form, and

notwithstanding the further statement on the court form allowing Kaeo-Tomaselli to sue Medrano in both her official and individual capacities, Kaeo-Tomaselli sued Medrano in her official capacity only and seeks, among other relief, money damages from her. To the extent Kaeo-Tomaselli sues Medrano in her official capacity for money damages, the Motion To Dismiss is granted. All of Kaeo-Tomaselli's claims for money damages against Medrano, in her official capacity, are dismissed.

However, as Medrano herself concedes in the Motion To Dismiss, and as set forth on the court form that Kaeo-Tomaselli used in filing her First Amended Complaint, a claimant may sue a state employee in her official capacity for injunctive relief. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 102-03 (1984). Unlike Medrano, the court, reading Kaeo-Tomaselli's First Amended Complaint liberally, discerns a request for injunctive relief in the First Amended Complaint.

For example, in Count IV, Kaeo-Tomaselli asserts that in 2011 she was referred by prison doctors to different specialists to treat her throat and an ingrown toenail. She says that Medrano denied her the treatment the doctors set forth: "I was denied all specialist referred treatment by Abby[,] violating my 8th Amendment to competent medical care to be denied treatment by specialist and recommendation from outside physicians." Kaeo-Tomasellil appears to be alleging that Medrano's denial

continues, as Kaeo-Tomaselli asserts, "The ingrown toenail still in pain and has not been removed even til this very day. My throat is constantly in pain and hurts when I talk." The "Request for Relief" section of the First Amended Complaint seeks "perpetual care upon release and for the duration of life." Even though care "upon release" would not be care by Medrano, the very existence of a request for care "upon release" suggests that Kaeo-Tomaselli is alleging that she requires care even now, while incarcerated. Thus, this court reads the First Amended Complaint as including a request for injunctive relief and denies the Motion To Dismiss to the extent it seeks dismissal of Count IV's request for injunctive relief. It is not clear to the court whether injunctive relief is requested in other counts against Medrano in her official capacity.

The court gives Kaeo-Tomaselli leave to file a Second Amended Complaint no later than June 12, 2013. The court stresses that claims for money damages against state employees sued only in their official capacities may not be reasserted.

In light of correspondence from the Department of Public Safety stating that it does not accept service on behalf of "Tina Doe" and "Eric Doe," the court also reminds Kaeo-Tomaselli that service of any pleading on persons named only as Does is problematic. Kaeo-Tomaselli may conduct discovery that

she thinks may be helpful in that or any other permissible regard.

The Clerk of Court is directed to send Kaeo-Tomaselli two more copies of the "Prisoner Civil Rights Complaint" form for her use.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 7, 2012.




/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Dion`e Kaeo-Tomaselli v. Women's Community Correctional Center; CIV. NO. 11-00669 SOM/RLP; ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS DEFENDANT ABBY MEDRANO IN HER OFFICIAL CAPACITY AND GIVING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT