IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DION'E KAEO-TOMASELLI, #A5004463, | ) ) ) | NO. 1:11-cv-00669 SOM-KSC |
| Plaintiff, | ) ) ) | ORDER DENYING REQUEST FOR INJUNCTIVE RELIEF |
| vs. | ) ) | |
| W.C.C.C. MEDICAL UNIT ADMINISTRATORS ABBY MEDRANO, TINA DOE, ERIC DOE, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING REQUEST FOR INJUNCTIVE RELIEF**

Plaintiff has filed a document titled "Requesting for Punitive and Injunction Relief." ECF #38. Plaintiff seeks an order declaring that Deputy Attorneys General Caron M. Inagaki and John F. Molay have a conflict of interest in representing Defendants, who are employees of the Hawaii Department of Public Safety ("DPS"), because they also represent DPS in Plaintiff's state court civil action against DPS. *See Kaeo-Tomaselli v. Dep't of Public Safety*, 1CC 10-1-002592. Plaintiff says she intends to file a complaint with the Office of Disciplinary Counsel and apparently requests injunctive relief striking Defendants' July 25, 2012, interrogatories. Plaintiff's Motion is DENIED.

First, the Office of the Attorney General has a mandatory duty to represent the state and any state officer acting in an official capacity. *See* Haw. Rev. Stat. § 26-7

(1993) ("The department [of the attorney general] shall administer and render state legal services, including furnishing of written legal opinions to the governor, legislature, and such state departments and officers as the governor may direct; represent the State in all civil actions in which the State is a party[.]").  It is quite common for state prisoners to file civil actions against the DPS and its employees in state and federal court.  In an analogous situation, the California Supreme Court found no conflict of interest "simply because the district attorney and the defendant have been adversaries in other legal proceedings, even where the defendant previously prevailed.  Other evidence of overriding bias must be present to warrant disqualification."  *People v. Millwee*, 18 Cal. 4th 96, 123, 74 Cal. Rptr. 2d 418, 954 P.2d 990 (1998) (finding that previous prosecution does not warrant recusal when there was no evidence of personal animosity or improper tactics).

Inagaki's and Molay's actions taken in the course of defending state employees do not present a conflict of interest for an opposing party.  Plaintiff presents no evidence of overriding bias or any case law supporting her argument that they have a conflict of interest here.  The court finds no merit to Plaintiff's claim that Inagaki's or Molay's representation of Defendants and of the DPS in her state case presents a conflict of interest.

Second, Deputy Attorney General Molay has withdrawn the request for interrogatories in this case.  Molay states that he inadvertently captioned them for this case and has since corrected this mistake and propounded them in Plaintiff's state case.  See Defs.' Response, ECF #39, Letter, ECF #40.  Plaintiff's request is moot and is DENIED.

   IT IS SO ORDERED.

   DATED: Honolulu, Hawaii, August 28, 2012.



     /s/ Susan Oki Mollway
     Susan Oki Mollway
     Chief United States District Judge

*Kaeo-Tomaselli v. WCCC Medical Unit,* Civ. No. 11-00669 SOM-KSC, ORDER DENYING REQUEST FOR INJUNCTIVE RELIEF; psa/tros/2012/Tomaselli 11-669 SOM (dny confl. of int. AGs)

Case 1:11-cv-00669-SOM-RLP   Document 42   Filed 08/28/12   Page 4 of 4     PageID #: 193